UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VOLTAGE PICTURES, LLC,**

      **Plaintiff,**

**v.**                                                     **Case No:  6:13-cv-688-Orl-31KRS**

**DOE 4,**

      **Defendant.**

## ORDER

This cause comes before the Court on a motion for leave to a serve non-party subpoena prior to the Rule 26(f) conference, (Doc. 7), filed by the Plaintiff, Voltage Pictures, LLC ("Voltage Pictures").

### I. Background

In this copyright infringement case, Voltage claims that several unknown individuals (including the Defendant here) illegally downloaded, and offered for download, the motion picture "Maximum Conviction" through BitTorrent peer-to-peer software.  Voltage seeks to serve a non-party subpoena on an internet service provider ("ISP") to obtain identifying information for the currently unknown Defendant.

### II. Standard

Rule 26(b) permits a court to grant discovery of any relevant matter for good cause, including discovery prior to the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Courts in these BitTorrent copyright cases frequently permit a plaintiff to issue a Rule 45 subpoena to discover the identity of an unknown infringer where it can demonstrate (1) a prima facie showing of

infringement, (2) that there is no other way to identify the Doe defendant, and (3) that there is a risk the ISP will destroy its logs prior to the conference. *See, e.g., World Digital Rights, Inc. v. John Does 1-80*, No. 2:12-cv-225-FtM-UASPC, 2012 WL 1623871 at *1 (M.D. Fla. May 9, 2012) (citing *UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); *see also e.g., Patrick Collins, Inc. v. John Does 1-43*, 2:12-CV-521-FTM-29, 2012 WL 4513063 (M.D. Fla. Oct. 1, 2012). To ensure the privacy interests of defendants are protected, courts additionally require a plaintiff to (1) specify the discovery requested, (2) demonstrate a need for the subpoenaed information to advance asserted claims, and (3) establish that the party's expectation of privacy does not outweigh the need for the requested discovery. *Sony Music Entertainment v. Does 1–40*, 326 F.Supp.2d 556, 564–65 (S.D.N.Y.2004); *World Digital Rights, Inc.*, 2012 WL 1623871; *Patrick Collins, Inc.*, 2012 WL 4513063.

**III.    Analysis**

In this case, Voltage has shown that it is the assignee of a valid copyright in the film "Maximum Conviction," and that someone identified by the IP address listed in Exhibit A to the Motion, downloaded at least a part of the film.[1] The only means of identifying the alleged infringer is by obtaining the subscriber information connected to the IP address from the ISP. This Court and others frequently permit Rule 45 subpoenas to issue in peer to peer copyright cases such as this one. *See, e.g., Bubble Gum Productions, LLC v. Does 1-80*, 12-20367-CLV-SE1TZ, 2012 WL 2953309 (S.D. Fla. July 19, 2012); *Boy Racer, Inc. v. John Does 1-34*, 11-23035, 2012 WL 1535703 (S.D. Fla. May 1, 2012); *K-Beech, Inc. v. Does 1-57*, 2:11-CV-358-FTM-36, 2011 WL 5597303 (M.D. Fla. Nov. 1, 2011) *report and recommendation adopted,*

---

[1] Plaintiff gathered this, and other relevant information through the services of "Crystal Bay Cooperation CBC" which it hired to "monitor and stop the infringing activity." An affidavit from a Crystal Bay employee is attached to the Motion at Exhibit B.

2:11-CV-00358-FTM-36, 2011 WL 5597293 (M.D. Fla. Nov. 17, 2011); *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 256 (N.D. Ill. 2011). While it is worth recognizing that the subscriber is not necessarily the infringing party, s*ee Ingenuity 13 LLC v. John Doe*, No 2:12-cv-8333-ODW-JC (C.D. Cal. Feb. 7, 2013), there appears to be no other means for Plaintiff to proceed at this point.

It is therefore,

**ORDERED** as follows,

1.  Plaintiff's Motion (Doc. 7) is **GRANTED**;

2.  Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide the Plaintiff with the true name, address, telephone number and email address of the individual or entity to whom the ISP assigned the IP address set forth in Exhibit A to the Motion. Plaintiff shall attach to any such subpoena a copy of this Order;

3.  Any ISP that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

    (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

    (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

    shall comply with 47 U.S. C. § 551(c)(2)(B), which states:

    > A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed [by sending a copy of the Complaint, the Motion and this Order to the Defendant].

4.  The subpoenaed ISP shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for

duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its consumers. If necessary, the Court shall resolve any disputes between the ISP and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff;

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE** and **ORDERED** in Orlando, Florida on July 8, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties